UNITED STATES *v.* JOSEPH G. BRENNER Co. (No. 3433)[1]

United States Court of Customs and Patent Appeals, October 26, 1931

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler*, special attorney, of counsel), for the United States.

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee.

[1] T. D. 45243

## 106

[Oral argument October 13, 1931, by Mr. Lawrence and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court sustaining a protest of appellee and holding that the merchandise involved herein is dutiable as belt buckles at 15 cents per hundred plus 20 per centum ad valorem under paragraph 346 of the Tariff Act of 1922.

The merchandise was classified and assessed for duty by the collector for the port of New York under the provisions of paragraph 1428 of said tariff act, reading as follows:

PAR. 1428. * * * articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, * * * and like articles; * * * composed of metal, whether or not enameled, washed, covered, or plated, including rolled gold plate, * * *.

Appellee filed a protest, claiming the merchandise was dutiable under paragraph 346 of said tariff act, or, in the alternative, under several other paragraphs which it is unnecessary to consider.

Said paragraph 346 reads as follows:

PAR. 346. Belt buckles, trouser buckles, and waistcoat buckles, shoe or slipper buckles, and parts thereof, made wholly or partly of iron, steel, or other base metal, valued at not more than 20 cents per hundred, 5 cents per hundred; valued at more than 20 and not more than 50 cents per hundred, 10 cents per hundred; valued at more than 50 cents per hundred, 15 cents per hundred; and in addition thereto, on all of the foregoing, 20 per centum ad valorem.

The only oral testimony introduced was that of one witness for the appellee. Samples of the merchandise were offered in evidence by appellee and were admitted.

The Assistant Attorney General in his brief and upon oral argument conceded that the merchandise consisted of buckles but contended that they are used for ornamental purposes and not for any purpose for which belt buckles are intended and hence were classified correctly by the collector.

The question which we are called upon to decide is whether the judgment of the lower court is contrary to the weight of the evidence.

The Customs Court in its decision, speaking of the merchandise, said:

* * * The testimony establishes that they are used on belts on ladies' dresses. They are therefore belt buckles.

We are of the opinion that a fair construction of the testimony of appellee's witness is that the buckles are used for holding the two ends of a lady's dress belt together, and that they also ornament the dress worn with the belt; that the belt is buckled loosely and not tight,

and that the belt upon which the buckle is used is also ornamental for setting off the gown.

We think, from the testimony introduced and from an inspection of the exhibits in evidence, that these buckles have the utilitarian purpose of fastening the ends of the belt together. We do not attach importance to the fact that the buckles are not used for the purpose of holding the belt tight, and that, when buckled, the belt hangs loosely in front.

We do not think that the mere fact that a belt buckle is also ornamental excludes it from classification under paragraph 346. We can not say that the finding of the lower court that the merchandise is, in fact, belt buckles is against the weight of the evidence, and we are of the opinion that the *eo nomine* designation of belt buckles in paragraph 346 is more specific than the provision in paragraph 1428 providing for articles to be worn on apparel or carried on or about or attached to the person, "* * * such as and including buckles."

While we must affirm the judgment appealed from, for the reasons stated, we deem it proper to call attention to the fact that the testimony as to use of the merchandise seems to relate to use at the time that the witness testified, viz, April 7, 1930, while the merchandise was entered on October 25, 1928. It may be that, for the reasons hereafter stated, such testimony was wholly irrelevant to the issue involved.

In the case of *Goldsmith's Sons* v. *United States*, 13 Ct. Cust. Appls 69, T. D. 40932, this court said:

We have held that the meaning to be given to a descriptive word or words used in a tariff act, is the meaning which the word or words had at the time of the enactment of that act. *Smillie & Co.* v. *United States*, 12 Ct. Cust. Appls. 365, T. D. 40520, and cases therein cited. The inquiry here, therefore, must be as to the common or commercial meaning of the words "football leather," at the time the Tariff Act of 1922 was approved. Much of the testimony in the record is, in view of this conclusion, irrelevant. What the importers may or may not use the material in question for now has no relevancy to this issue, namely: Was the material imported commonly or commercially known as "football leather" on September 21, 1922?

Under this decision, which was approved in the case of *Wilbur-Ellis Co. et al* v. *United States*, 18 C. C. P. A. (Customs) 472, T. D. 44762, the proper inquiry would have been as to whether merchandise like that in issue was commonly or commercially known as belt buckles on September 21, 1922, the date of the passage of the Tariff Act of 1922. But the Government made no objection to the testimony of use offered by appellee and, so far as the record shows, it never contended that the testimony, in order to be relevant, should have related to an earlier date. Neither in its brief nor upon oral argument has that point been made before us, and therefore, even though one of appellant's assignments of error might be construed to

be broad enough to cover such a contention, it, not having been made in the court below nor in argument before us, should be deemed abandoned. *United States* v. *Sandoz Chemical Works*, 16 Ct. Cust. Appls. 392, T. D. 43119; *Hammond et al.* v. *United States*, 14 Ct. Cust. Appls. 251, T. D. 41876.

The office of an assignment of error is to enable the court and opposing counsel to see on what points the appellant's counsel intend to ask a reversal of the judgment and to limit the discussion to these points. *Phillips & Colby Construction Co.* v. *Seymour et al.*, 91 U. S. 646.

Appellant has not specifically made, either in any assignment of error or in its brief or upon oral argument, the point that the evidence as to use of merchandise like that in question did not relate to the time of the enactment of the Tariff Act of 1922, and neither does it appear that such point was raised in the court below. The question of use being a question of fact, we think the failure of appellant to raise the question of the time of such use should be considered as, presumptively, an admission that the use of merchandise of the character here involved was the same in 1922 as it was during the period covered by the testimony.

The judgment of the United States Customs Court is *affirmed.*